**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DYNAMIC MOTION RIDES GMBH
and DYNAMIC MOTION GROUP
GMBH,

        Plaintiffs,

v.                                               Case No:   6:21-cv-752-RBD-LHP

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD, UNIVERSAL CITY
STUDIOS, LLC and UNIVERSAL
STUDIOS, LLC,

        Defendants

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO STRIKE CERTAIN AFFIRMATIVE DEFENSES (Doc. No. 169)**
>
> **FILED:** September 2, 2022
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

## I. INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

In April 2013, Plaintiffs Dynamic Motion Rides GMBH and Dynamic Motion Group GMBH (collectively "Plaintiffs") entered into a Master Purchase Agreement ("MPA") with Defendants Universal City Development Partners, Ltd, Universal City Studios, LLC, and Universal Studios, LLC (collectively "Universal Defendants"), through which Plaintiffs performed work and permitted Universal Defendants to utilize Plaintiffs' intellectual property related to a motion system for a ride located at Universal Studios, Florida, known as "Race Through New York Starring Jimmy Fallon" (the "Attraction"). Doc. No. 63, at 1-2. Plaintiffs first filed a multi-count complaint in state court on March 27, 2021 against Universal Defendants and others,[1] alleging various claims related to purported breaches of the MPA. Doc. No. 1-1. Embedded within these claims are allegations that Universal Defendants and others engaged in the unauthorized use of Plaintiffs' patented "Preexisting Vendor Technology" as defined within the MPA. *Id.*

Universal Defendants removed the case to this Court on April 28, 2021. (Doc. 1). Over the ensuing ten months, Plaintiffs amended their complaint on three separate occasions, and Universal Defendants filed several motions to dismiss. *See*

---

[1] Plaintiffs initially also brought claims against Petersen Incorporated, however, Plaintiffs filed a notice of dismissal as to all claims against Petersen Incorporated and those claims were dismissed with prejudice on May 13, 2022. Doc. Nos. 84, 86.

- 2 -

Doc. Nos. 23, 31, 37-38, 63, 65.  The operative pleading is the Third Amended Complaint, which asserts claims against Universal Defendants for breach of contract (Counts I and XI); breach of covenant of good faith and fair dealing (Count II); account stated (Count III); and breach of third-party beneficiary contract (Count X).  Doc. No. 63.  And again imbedded in these claims are allegations that Universal Defendants engaged in unauthorized use of Plaintiffs' patented technology.  More specifically, Plaintiffs contend that the MPA authorized Universal Defendants to utilize Plaintiffs' Preexisting Vendor Technology, which is defined as "any tangible items, Methods and Technology or Intellectual Property Rights" of Plaintiffs, and includes "patent and industrial property rights, copyright, trade secret, trademark, service mark, trade dress and trade name rights (and all goodwill associated. . .)," "rights in industrial designs," "moral rights," and all associated "rights of publication, registration, extension and renewal, . . . and all related rights and causes of action, including, without limitation, for infringement." *Id.*, at ¶¶ 21-22; Doc. 63-1, at 7.[2]  However, in the event Universal Defendants breached the MPA – which Plaintiffs allege occurred – then Universal Defendants

---

[2] The MPA also defines "infringe" to mean "unauthorized use, misappropriation, infringement, dilution, disparagement or equivalent violations."  Doc. No. 63-1, at 7.

immediately forfeited any and all rights to use Plaintiffs' Preexisting Vendor Technology. *See* Doc. No. 63, at ¶¶ 44, 166, 187, 198.

In terms of relief sought, Plaintiffs seek, among other things, recovery of a reasonable royalty rate for Universal Defendants' continued use of Plaintiffs' Preexisting Vendor Technology, and restitution of all gains, profits, and consideration accruing to Universal Defendants from the use of the Preexisting Vendor Technology. *Id.*, at ¶¶ 183, 196, 202.

Universal Defendants moved to dismiss the third amended complaint arguing that (1) Plaintiffs were attempting to assert stealth claims for patent infringement without properly pleading them; (2) the third amended complaint was an impermissible shotgun pleading; (3) the breach of covenant of good faith and fair dealing claims were unrelated to the express terms of the MPA, were duplicative of the breach of contract claim, and improperly pleaded; and (4) the breach of third-party beneficiary claims failed because the MPA specifically excluded third-party beneficiaries. Doc. No. 65. On July 19, 2022, United States District Judge Roy B. Dalton, Jr., denied Universal Defendants' motion in its entirety. Doc. No. 154. As relevant to the present dispute, Judge Dalton held:

> Defendants first argue that the Complaint should be dismissed because Plaintiffs are actually asserting intellectual property claims and have failed to adequately plead them. (Doc. 65, pp. 6–16.). The Court is unpersuaded. It is axiomatic that "[t]he plaintiff is the master of the complaint. The plaintiff selects the claims that will be alleged."

> *United States v. Jones*, 125 F. 3d 1418, 1428 (11th Cir. 1997). Here, Defendants offer no authority in arguing that Plaintiffs should have to replead their contract claims as patent infringement, trademark infringement, and theft of trade secrets claims. (*See* Doc. 65, pp. 6–16.). As it stands, this argument is unsupported, as nothing requires Plaintiffs to restructure their Complaint simply because the contract dispute involves intellectual property. *See generally Jones*, 125 F.3d at 1428. *See generally Inspired Dev. Grp., LLC v. Inspired Prod. Grp., LLC*, 938 F.3d 1355, 1368 (Fed. Cir. 2019) (recognizing the distinction between patent claims and breach of contract claims premised on patent infringement such that the latter cannot confer federal question jurisdiction). Defendants do not otherwise argue that the contract claims are insufficiently pled so the Motion is due to be denied as to this argument.

*Id.*, at 4-5.

Before Judge Dalton ruled on the motion to dismiss, the parties filed cross-motions for summary judgment and several *Daubert* motions, each of which have been responded to. *See* Doc. Nos. 109-111, 118-120, 131, 141, 143-145, 149, 153. Notably, Universal Defendants move for summary judgment on Plaintiffs' "claims for patent infringement, misappropriation of trade secrets, and trademark infringement, as well as any claims for intellectual property ("IP")-related damages, including a reasonable royalty or lost profits. . . ." Doc. No. 110, at 2. Universal Defendants also move to exclude the expert reports of Plaintiffs' expert Dr. Hank Fishkind, who opines on (1) whether Universal Defendants infringed any of Plaintiffs' patents; (2) damages related to a reasonable royalty; (3) damages related to a lost profit analysis; and (4) damages related to the alleged breach of the MPA.

Doc. No. 109, at 2. In turn, Plaintiffs have moved to exclude the expert reports of Universal Defendants' expert James L. Glancey, on the grounds that his opinions relate solely to patent infringement and patent validity that are not relevant to the claims in this case. Doc. No. 119, at 3. The summary judgment and *Daubert* motions remain pending before Judge Dalton.

In the meantime, Universal Defendants filed their answer, asserting 29 separate affirmative defenses, and alleged two counterclaims. Doc. No. 162. In response, Plaintiffs have filed their reply to the counterclaims (Doc. No. 171), and moved to strike several of the affirmative defenses. Doc. No. 169. In addition, Plaintiffs moved to reopen discovery, summary judgment and *Daubert* motion proceedings, related solely to Universal Defendants counterclaims, and sought an extension of the remaining pretrial and trial deadlines. Doc. No. 170. Following a hearing on the matter, Judge Dalton extended the expert and fact discovery deadlines as it relates to Universal Defendants' counterclaims, and extended the remaining pretrial deadlines, but did not authorize further summary judgment or *Daubert* motions. Doc. Nos. 184, 187. In particular, discovery does not close until January 11, 2023. Doc. No. 187, at 2.

This brings us to the present dispute. As noted above, Universal Defendants have asserted 29 affirmative defenses to Plaintiffs' claims. Doc. No. 162. Through the above-styled motion, Plaintiffs seek to strike 14 of the affirmative defenses

(numbers 14-19 and 22-29), on the grounds that these defenses all relate to claims for patent infringement, which Plaintiffs do not assert in this case. Doc. No. 169. Universal Defendants oppose, arguing that Plaintiffs' third amended complaint clearly includes allegations related to patent infringement, and Plaintiffs seek IP-related damages, therefore their affirmative defenses are relevant to the claims at issue. Doc. No. 174. In addition, based on the extensive patent-infringement related discovery conducted to date, along with the pending summary judgment and *Daubert* motions, Universal Defendants argue that Plaintiffs will not be prejudiced by the assertion of these affirmative defenses. *Id.*

The motion to strike has been referred to the undersigned, and upon review, the undersigned agrees with Universal Defendants and will deny Plaintiffs' motion in its entirety.

## II. LEGAL STANDARD

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (citation omitted). Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002). According to Rule 8, a party must "state in short and plain terms its defenses to each claim

asserted against it" and "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A), (c)(1).

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "motions to strike under Federal Rule of Civil Procedure 12(f) are decidedly disfavored and are generally time wasters for the Court and counsel." *Erdogam v. Suntree Country Club, Inc.*, No. 6:14-cv-1991-Orl-41DAB, 2015 WL 12838848, at *1 (M.D. Fla. Feb. 10, 2015) (citation omitted). A motion to strike is a drastic remedy that will ordinarily be granted only if the material sought to be stricken is insufficient as a matter of law. *Arthurs v. Glob. TPA LLC*, No. 6:14-cv-1209-Orl-40TBS, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015) (citations omitted). "For a court to find a defense insufficient as a matter of law, the defense must be (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law." *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 8:08-cv-361-T-JDW-MAP, 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008) (citing *Jesse's Computers & Repair, Inc.*, 211 F.R.D. at 683).

A court should not strike an affirmative defense unless it is "shown that the allegations being challenged are so unrelated to [a party's] claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Erdogam*, 2015 WL

12838848, at *1. "An affirmative defense should survive if it comports with Rule 8(c)'s purpose—'guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial.'" *Hernandez-Hernandez v. Hendrix Produce, Inc.*, No. 6:13-cv-53, 2014 WL 726426, at *3 (S.D. Ga. Feb. 24, 2014) (alteration in original) (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).[3]

## III. ANALYSIS

The sole basis for Plaintiffs' motion is that the affirmative defenses at issue all relate to claims of patent infringement, trademark, and trade secret violations, as well as the methodology for seeking damages under such claims, and as such are not relevant to the claims at issue in this case. Doc. No. 169, at 4. The undersigned finds Plaintiffs' argument unpersuasive for several reasons.

---

[3] Although some courts have held to the contrary, and there is no binding precedent on this issue, the undersigned agrees with courts from this District holding that the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 571–72 (2007), do not apply to affirmative defenses. *See Gibson v. Am. Express Co.*, No. 6:20-cv-2216-CEM-LRH, 2021 WL 2828314, at *2 (M.D. Fla. Apr. 21, 2021) (citing *Leveille v. Upchurch*, No. 3:19-cv-908-BJD-MCR, 2021 WL 1530728, at *2 (M.D. Fla. Apr. 19, 2021) ("This Court . . . is among the many and possibly the majority of courts in the Middle District of Florida that have determined the pleading requirements of *Iqbal* and *Twombly* do not extend to affirmative defenses."); *SB Holdings I, LLC v. Indian Harbor Ins. Co.*, No. 6:19-cv-668-Orl-40DCI, 2019 WL 5395780, at *1 (M.D. Fla. June 28, 2019) ("[T]he Court agrees with the line of cases holding that the heightened pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses."); *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013) (noting that Eleventh Circuit has not resolved the issue but collecting District Court cases and siding with the courts that have found *Iqbal*/*Twombly* standards inapplicable to assertion of defenses)).

First, a review of the allegations of the third amended complaint clearly show that Plaintiffs have raised issues concerning the infringement and/or unauthorized use of its patented technology, as well as misappropriation of trade secrets and trademarks. *See, e.g.*, Doc. No. 63, at ¶¶ 32-39, 43-44, 62, 161-67, 170-79, 187-88, 191. *See also* Doc. No. 110-7; Doc. No. 172, at 34-40. And while Plaintiffs have not expressly alleged claims of patent infringement, *see* Doc. No. 154, at 4-5, it is also clear that Plaintiffs are seeking damages that are typically only awarded in intellectual property-related claims. *See, e.g.*, Doc. No. 63, at ¶¶ 172-79; 182-84, 198; Doc. No. 109-1, at 6-22; Doc. No. 109-2; Doc. No. 110-7; Doc. No. 145; Doc. No. 172, at 8, 12, 34-40; Doc. No. 190, at 48. Indeed, at the August 9, 2022 and October 12, 2022 hearings before Judge Dalton, counsel for Plaintiffs asserted that they were seeking royalty related damages, as well as lost profit related damages. *See* Doc. No. 172, at 34-40; Doc. No. 190, at 48. Further, Plaintiffs have disclosed an expert who opines on the issues of patent infringement, and another expert who opines on damages using theories reserved for intellectual property-related claims. Doc. Nos. 109-1; 109-2; 111-1, 111-2. Thus, the undersigned cannot say as a matter of law that the affirmative defenses raised by Universal Defendants are completely irrelevant to the claims at issue. *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (noting that motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may

cause prejudice to one of the parties." (citations omitted)). *See also CI Int'l Fuels, LTDA. v. Helm Bank*, S.A, No. 10-20347-CIV, 2010 WL 3056598, at *3 (S.D. Fla. Aug. 4, 2010) (denying motion to strike affirmative defense on the grounds of legal relevancy, because whether the defense is relevant involves a "substantial and disputed question of law" to be resolved on the merits); *CI Int'l Fuels, LTDA v. Helm Bank, S.A.*, No. 10-20347-CIV, 2010 WL 11597659, at *2 (S.D. Fla. Aug. 23, 2010) (denying motion to strike affirmative defenses where similar arguments were rejected in ruling on a motion to dismiss).

Second and relatedly, this exact argument has been raised by the parties on numerous occasions, *see, e.g.,* Doc. Nos. 38, 47, 65, 76, 110, 119, 154, and indeed remains a large focus of several of the pending summary judgment and *Daubert* motions. *See* Doc. Nos. 110, 119, 132. If the undersigned were to strike these affirmative defenses on the sole basis raised, the undersigned would be rendering a decision that would directly impact, and potentially moot, the dispositive motions pending before Judge Dalton. As such, the undersigned believes the better course of action is for the pending motions, all of which are fully briefed and some of which have been the subject of extensive oral argument, to be resolved on their merits, rather than to interfere with that process. To do otherwise would not promote the goal of judicial efficiency and would instead create a risk of inconsistent rulings. *See also Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) (recognizing that if any

doubt exists as to whether, under any circumstance, a disputed matter may raise a viable issue during the proceedings, a motion to strike should be denied).

Third, and finally, Plaintiffs have failed to demonstrate any prejudice by allowing these affirmative defenses to remain in the case. These affirmative defenses clearly are not a surprise to Plaintiffs for, as discussed in detail above, they have been raised throughout this case. In addition to the motions practice described above, they have also been the subject of discovery. *See, e.g.*, Doc. Nos. 110-7; 174-8; 174-9; 174-10; *see also* Doc. No. 122. "The point of pleading the affirmative defenses is to provide notice to a plaintiff of the issues that may be raised at trial." *RxStrategies, Inc. v. CVS Pharmacy, Inc.*, No. 8:18-cv-1087-T-30TGW, 2020 WL 11272875, at *1 (M.D. Fla. Feb. 6, 2020) (citing *Luxottica Grp. S.P.A. v. Cash Am. E., Inc.*, No. 6:16-cv-728-Orl-31DAB, 2016 WL 4157211, at *1 (M.D. Fla. Aug. 2, 2016)). Such notice has clearly been provided here.

Further, the undersigned notes that Plaintiffs do not argue prejudice or surprise in the present motion, but rather simply argue that striking the affirmative defenses at issue "will streamline this matter for trial, narrow discovery, obviate the need for further expert testimony and avoid confusion to the court and factfinder." Doc. No. 169, at 4. Not only do Plaintiffs fail to identify any additional discovery or expert testimony that would be required (and given the extensive discovery and motions practice on these issues to date, the undersigned would be hard pressed to

identify any), but Judge Dalton resolved several of these concerns when he reopened discovery solely on the issues raised in Universal Defendants' counterclaims, and denied Plaintiffs' requests for further dispositive motions briefing. Doc. No. 190, at 98-100; *see also* Doc. Nos. 184, 187. *See also Bush v. Barnett Bank of Pinellas Cty.*, 916 F. Supp. 1244, 1249 (M.D. Fla. 1996) ("[W]hen there is no showing of prejudice to the moving party, courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, courts should defer action and leave the sufficiency of the allegations for determination on the merits." (citation omitted)).

## IV. CONCLUSION

In sum, Plaintiffs have not sufficiently established that the affirmative defenses are either patently frivolous on their face or clearly invalid as a matter of law. Nor have Plaintiffs established they will suffer any prejudice by allowing the affirmative defenses to remain. Accordingly, Plaintiffs' Motion to Strike Certain Affirmative Defenses (Doc. No. 169) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties