# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DYNAMIC MOTION RIDES GMBH
and DYNAMIC MOTION GROUP
GMBH,

        Plaintiffs,

v.                                                Case No:   6:21-cv-752-RBD-LHP

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD, UNIVERSAL CITY
STUDIOS, LLC and UNIVERSAL
STUDIOS, LLC,

        Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** UNIVERSAL DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' "SUPPLEMENTAL EXPERT REPORT" OF STEVEN BECKER CONCERNING INTELLECTUAL PROPERTY ISSUES, AND REQUEST FOR SANCTIONS (Doc. No. 196)
>
> **FILED:** December 21, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

Plaintiffs Dynamic Motion Rides GMBH and Dynamic Motion Group GMBH (collectively "Plaintiffs") initiated this action on March 27, 2021, and Defendants Universal City Development Partners, Ltd, Universal City Studios, LLC, and Universal Studios, LLC (collectively "Universal Defendants"), removed the case to this Court on April 28, 2021.  Doc. Nos. 1, 1-1.  Discovery commenced on or about May 25, 2021, *see* Doc. No. 22, Fed. R. Civ. P. 26(d)(1), and concluded as to Plaintiffs' claims on May 6, 2022.  Doc. Nos. 26, 52.

On August 12, 2022, following several rounds of motions practice, Universal Defendants filed their Answer, Affirmative Defenses, and Counterclaims.  Doc. No. 162.  Universal Defendants asserted 29 affirmative defenses, approximately 14 of which relate to various patent infringement issues, and two (2) counterclaims. *Id.*  The counterclaims are solely based on theories of contract law (a claim for breach of contract and a claim for breach of the duty of good faith and fair dealing). *Id.*, at 60-64.  Plaintiffs replied to the counterclaims, and also unsuccessfully sought to strike the 14 patent-related affirmative defenses.  Doc. Nos. 169, 171, 192.

Prior to Universal Defendants filing their Counterclaims, the parties engaged in extensive dispositive and *Daubert* motions practice.  *See* Doc. Nos. 109-11, 118-20, 131, 141, 143-45, 149, 153.  These motions are fully briefed, and Presiding United States District Judge Roy B. Dalton heard oral argument on the summary judgment motions on October 12, 2022.  *See* Doc. Nos. 183, 190.

Following the filing of Universal Defendants' Counterclaims, Plaintiffs moved to reopen discovery, summary judgment, and *Daubert* motion proceedings, related solely to Universal Defendants Answer, Affirmative Defenses, and Counterclaims, and sought an extension of the remaining pretrial and trial deadlines. Doc. No. 170. In that motion, Plaintiffs requested additional discovery for "possible supplemental expert testimony on the patent Affirmative Defenses should they not be stricken." *Id.*, at 5.

At the October 12, 2022 hearing, Judge Dalton also heard argument on Plaintiffs' motion to reopen discovery and continue the case management deadlines. Doc. Nos. 183, 190. At the hearing, Judge Dalton made clear that he was only considering additional discovery related to contract damages, not patent issues. *See* Doc. No. 190, at 96-97 ("I don't want to talk about patent damages. I want to talk about the contract damages and the work that might need to be done to flesh out what you paid to other vendors."). And after hearing from all parties, Judge Dalton extended the discovery deadline by 90 days specifically "to conduct discovery with respect to the issues that are raised in the counterclaims." *Id.*, at 98, 102. Notably, Judge Dalton did not authorize any additional discovery related to the Affirmative Defenses, nor did he authorize an additional supplemental expert as to the patent Affirmative Defenses. *Id. See also id.*, at 59 ("But the discovery with respect to the plaintiffs' claims, whether it includes defenses or things that

constitute a setoff, should have been well within the contemplation of the parties during the discovery period. So I'm not persuaded that I would reopen discovery for that purpose."); Doc. No. 184 (endorsed order granting in part Plaintiffs' motion to modify the case management and scheduling order as set forth on the record during the October 12, 2022 hearing); Doc. No. 192, at 12-13 (noting that Judge Dalton "reopened discovery solely on the issues raised in Universal Defendants' counterclaims, and denied Plaintiffs' requests for further dispositive motions briefing.").

On November 23, 2022, Plaintiffs moved for leave to file the supplemental expert report of their patent expert, Steven Becker. Doc. No. 193. In their motion, Plaintiffs represented that the supplemental report was directed solely to issues raised in Universal Defendants' patent-based Affirmative Defenses. *Id.*, at 2-3. Judge Dalton denied Plaintiffs' motion without prejudice, stating that his prior order prohibiting further filings "was not meant to restrict disclosures of expert reports and supplemental reports that are otherwise authorized by prior orders. (*See* Docs. 187, 189). It was meant to prevent filings supplementing the summary judgment motions and the hearing on these motions. (*See* Docs. 182, 185, 186, 188)." Doc. No. 195.

Despite Judge Dalton's clear directives, it appears that on December 12, 2022 Plaintiffs served upon Universal Defendants the supplemental expert report of

- 4 -

Steven Becker. *See* Doc. No. 197, at 4, n.1. By the present motion, Universal Defendants seek to strike the supplemental expert report – which relates solely to patent issues – as untimely and in violation of Judge Dalton's Orders. Doc. No. 196. Universal Defendants further request sanctions in the form of attorneys' fees pursuant to Fed. R. Civ. P. 37(b). *Id.*, at 7-9.

In response, Plaintiffs claim that the sole purpose of the supplemental expert report "is to preserve expert testimony at trial as to the affirmative defenses first pled after the close of discovery." Doc. No. 197, at 4. Plaintiffs further state that the supplemental report will not be used to support any additional motions or extend any deadlines, prior to trial. *Id.*, at 5. And Plaintiffs argue that they will be severely prejudiced if this supplemental report is stricken, as they claim that their expert would be precluded from rebutting Universal Defendants' expert testimony. *Id.*, at 6-7. Finally, Plaintiffs contend that if their disclosure of the supplemental expert report is untimely, such late disclosure was "substantially justified," and "harmless" pursuant to Federal Rule of Civil Procedure 37(c)(1). *Id.*, at 9.

Upon review, the Court finds Plaintiffs' contentions entirely unpersuasive, and contrary to the clear directives of Judge Dalton's prior Orders. First, Judge Dalton clearly extended discovery only related to Universal Defendants' counterclaims. *See* Doc. Nos. 183-84; Doc No. 190, at 59, 98. Plaintiffs previously requested to extend discovery to specifically include a supplemental expert report

on patent-related issues raised in the Affirmative Defenses, *see* Doc. No. 170, the issue was addressed at the October 12, 2022 hearing, and Judge Dalton's ruling was clear and unequivocal.  Doc. No. 190, at 59, 98.

Second, when Plaintiffs sought to revisit the issue in their November 23, 2022 motion (Doc. No. 193), Judge Dalton again made clear that the answer was no. Doc. No. 195.  Judge Dalton expressly stated that expert and supplemental expert reports "that are otherwise authorized by prior orders" were permissible, while "filings supplementing the summary judgment motions and the hearing on these motions" were not.  *Id.*  The supplemental expert report of Steven Becker was not authorized by Judge Dalton's prior orders.  *See* Doc. Nos. 184, 187, 189.  *See also Pointe Orlando Dev. Co. v. Cent. Fla. Waterproofing, Inc.,* No. 6:20-cv-328-Orl-37LRH, 2020 WL 10457751, at *2 (M.D. Fla. Nov. 23, 2020), *on reconsideration in part,* No. 6:20-cv-328-Orl-37LRH, 2021 WL 3017234 (M.D. Fla. Jan. 4, 2021) ("[L]itigants cannot be permitted to treat the scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." (quoting *Howard v. Wilkinson*, No. 6:17-cv-1473-Orl-40GJK, 2019 WL 10855186, at *1 (M.D. Fla. May 16, 2019))). And I note that Plaintiffs never sought reconsideration of Judge Dalton's Order.

Third, even if the Court were to expand Judge Dalton's rulings and find that a supplemental expert report addressed solely to Universal Defendants' Affirmative Defenses were permissible, even a cursory review of the supplemental

report readily shows that it is not so limited. The supplemental expert report states that it is in response to statements and allegations made not only in the Affirmative Defenses, *but also in Universal Defendants' summary judgment motion*. Doc. No. 196-1, at 3. Indeed, the supplemental expert report contains an entire section titled "Misstatements Made By the Defendants" which addresses "a few of the misstatements reported in Universal's Motion for Summary Judgment and the defendant's expert Glancey," and then refutes, by pinpoint citation, various statements and arguments in Universal Defendants' fully briefed summary judgment motion. *Id.*, at 4-9. The supplemental expert report even attempts to refute comments made by Judge Dalton at the October 12, 2022 hearing. *Id.*, at 8. Thus, it is clear that the supplemental expert report relates to the previously filed summary judgment motions and the October 12, 2022 hearing on those motions – and is therefore precluded by Judge Dalton's December 1, 2022 Order. Doc. No. 195.

In sum, Plaintiffs requested leave for additional discovery, which Judge Dalton granted on a limited basis, they raised the issue of the supplemental expert report a second time, and Judge Dalton again denied the request. Accordingly, Universal Defendants' motion (Doc. No. 196) is **GRANTED in part**, and the supplemental expert report of Steven Becker, Doc. No. 196-1, is hereby **STRICKEN**

and may not be used during the litigation of this case or at trial.[1] *See also Watkins v. Regions Mortg. Inc.*, 555 F. App'x 922, 925 (11th Cir. 2014) (affirming district court's exclusion of untimely submitted expert reports because the district court merely held the party to the clear terms of its scheduling order); *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348–49 (11th Cir.2004) (upholding under an abuse of discretion standard a district court's decision excluding an expert report disclosed after the deadline the court had established for its submission). The Court, however, declines to award monetary sanctions against Plaintiffs under Fed. R. Civ. P. 37(b), the striking of the supplemental expert report is sanction enough.

**DONE** and **ORDERED** in Orlando, Florida on January 23, 2023.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

---

[1] For these same reasons, the Court finds Plaintiffs' arguments that submission of this supplemental expert report at this late juncture was "substantially justified" or "harmless" to be unpersuasive. *See* Fed. R. Civ. P. 37(c)(1). To say that Universal Defendants should have prepared their own rebuttal report, or scheduled yet another deposition – on issues for which Judge Dalton did not reopen discovery – does not come close to satisfying the requirements of Rule 37(c)(1). Moreover, the argument that Plaintiffs will suffer prejudice if this supplemental expert report is stricken because they will not be able to rebut Universal Defendants' expert (Doc. No. 197, at 8-12) falls short, as any expert submitted by Universal Defendants after the original close of discovery on May 6, 2022 clearly relates solely to their counterclaims, which are contract-based, not patent-based. *See* Doc. No. 190, at 98-100.

Copies furnished to:

Counsel of Record
Unrepresented Parties